NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALKIT SINGH,<br><br>      Plaintiff,<br><br>v.<br><br>DIESEL TRANSPORTATION, LLC, and<br>KWAKU A. MENU<br><br>      Defendants. | Civil Action No.:<br>16-02311 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge

This matter comes before the Court by way of a Motion to Dismiss for lack of personal jurisdiction and for other relief (ECF No. 5-1) filed by Defendants Diesel Transportation, LLC and Kwaku A. Menu (collectively, "Defendants") on May 27, 2016. Plaintiff filed opposition on June 21, 2016 (ECF No. 8, "Pl.'s Opp. Br.") and Defendants replied to same on June 22, 2016 (ECF No. 10, "Defs.' Reply Br."). Finding that this Court lacks personal jurisdiction over Defendants, the Court will transfer this matter to the Federal District Court for the District of Nevada.

**I. BACKGROUND**[1]

Plaintiff's Complaint is the second iteration of a previous action commenced in this court based on nearly identical allegations. *See Singh v. Diesel Transp., LLC*, No. 15-cv-7930, 2016 WL 901834, at *1 (D.N.J. Mar. 8, 2016) (Linares, J.) (dismissing Plaintiff's prior complaint). In

---

[1] Because this is a motion to dismiss, the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 (3d Cir. 2002)).

1

the previous case, this Court granted the Moving Defendants' Motion to Dismiss for lack of subject matter jurisdiction. (*Id.* at *2). The Court found, in part, that it lacked subject matter jurisdiction over the first-filed action because Plaintiff did not raise any federal questions and both Plaintiff and two defendants resided in New Jersey, thereby defeating the complete diversity requirement of diversity jurisdiction. (*Id.* at *4). Plaintiff's instant action does not include the non-diverse defendants, but re-alleges the same claims (detailed below) against Defendants Diesel Transportation, LLC ("Diesel") and Kwaku A. Menu ("Menu"). (Compl. ¶¶ 3-4). Defendant Diesel is a corporation with its principal place of business in the State of Georgia. (*Id.* ¶ 3). Defendant Menu is a resident of the State of Georgia. (*Id.* at ¶ 4).

Plaintiff Malkit Singh was a passenger in a freightliner travelling in the state of Nevada in the early morning of May 27, 2014. (Compl. ¶ 17). At that time, according to the Complaint, Defendant menu was operating a freightliner owned by Defendant Diesel. (*Id.* ¶¶ 17-19). Plaintiff alleges that he sustained "serious personal injuries" as a result of Defendants' negligence. (*Id.* ¶¶ 20-23). Plaintiff demands judgment against Defendants in the amount of One Million Dollars plus the costs of the action for consequential past, present and future injuries including "great pain, discomfort, anguish, anxiety, medical and other expenses, damages and permanent damage." (*Id.* ¶¶ 25-28).

Defendants now move to dismiss this action for lack of personal jurisdiction. Plaintiff opposes this motion, arguing that the Court should permit the parties to engage in jurisdictional discovery or alternatively transfer this matter to the Federal District Court for the District of Nevada.

## II.   LEGAL STANDARD

Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the "plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (internal citations omitted). Where, as here, the district court does not hold an evidentiary hearing, a plaintiff need only establish a "prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Additionally, "[i]f the contents of the plaintiff's complaint conflict with the defendant's affidavits, the district court must construe all reasonable inferences that can be drawn from the papers in the plaintiff's favor." *Haffen v. Butler Specialties, Inc.*, No. 10-cv-2833, 2011 WL 831933 at *2 (D.N.J. Mar. 3, 2011) (quoting 4 wright & Miller, Federal Practice and Procedure: Civil 3d 1067.6 (3d ed. 2002)). The plaintiff, however, retains "the burden of demonstrating [that the defendants'] contacts with the forum state are sufficient to give the court in personam jurisdiction." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990). "These contacts must be shown 'with reasonable particularity.'" *Wellness Publ'g v. Barefoot*, 128 Fed. App'x 266, 268 (3d Cir. 2005) (unpublished) (quoting *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht*, 384 F.3d at 96 (3d Cir. 2004). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citing N.J. Ct. R. 4:4-4(c)). A district court sitting in New Jersey may therefore exercise personal jurisdiction over a non-resident defendant if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Henry Heide, Inc. v. WRH Prods. Co.*,

*Inc.*, 766 F.2d 105, 108 (3d Cir. 1985) (quoting *Int'l Shoe Co. v. Washington*, 66 S.Ct. 154, 158 (1945)).

"Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction." *Metcalfe*, 566 F.3d at 334. "General jurisdiction results from, among other things, 'systematic and continuous' contact between a non-resident defendant and the forum state." *Spuglio v. Cabaret Lounge*, 344 F. App'x 724, 725 (3d Cir. 2009) (unpublished) (quoting *Int'l Shoe*, 66 S. Ct. at 160). "Specific jurisdiction over a defendant exists when that defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Miller Yacht*, 384 F.3d at 96 (quoting *Burger King Corp. v. Rudzewicz*, 105 S. Ct. 2174, 2182 (1985)).

## III.   ANALYSIS

### A.   DEFENDANTS' MOTION TO DISMISS

The parties dispute whether this Court has personal jurisdiction over the Defendants. Defendants reject Plaintiff's assertion that they are subject to jurisdiction before this Court based solely upon Diesel's designation of an agent for service of process in New Jersey in compliance with the Federal Motor Carrier Act, which requires certain motor carriers to designate an agent for service of process in each State in which the carrier operates. 49 U.S.C.S. § 13304(a). Further, Defendants argue that there is no basis for asserting general jurisdiction over Defendants because Diesel has its principal place of business in the State of Georgia and Menu resides in the State of Georgia. Additionally, Defendants dismiss any notion that there is specific jurisdiction over them since the accident giving rise to the instant claims occurred in Nevada, and therefore the alleged injuries did not "arise out of or relate to" Defendants' limited activities in New Jersey.

Plaintiff contends that Diesel's designation of an agent to receive process in New Jersey "confers personal jurisdiction over Defendant Diesel even for an auto accident that occurred in Nevada." (Pl.'s Opp. Br. at 3). To the extent that the Court finds personal jurisdiction to be lacking, Plaintiff argues that he is entitled to "limited jurisdictional discovery to ascertain the true nature and extend of defendants' contacts with New Jersey." (*Id.* at 4). According to Plaintiff, Diesel's representations that they make about four trips to New Jersey per year "may be sufficient to demonstrate specific or general jurisdiction when considered relative to Diesel's trucking business as a whole." (*Id.* at 4-5).

### i. GENERAL JURISDICTION

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011). Courts have considered a corporation to be "at home" where it has its "place of incorporation and principal place of business." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). An exception to these bases occurs when a corporation's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." *Id.* at 762 (quoting *Goodyear*, 131 S. Ct. at 2851).

By Plaintiff's own account Diesel is neither incorporated in New Jersey nor does it have its principal place of business in New Jersey. (Compl. ¶ 9). Thus, Plaintiff cannot show general jurisdiction under the paradigmatic examples noted in *Bauman*. Therefore, in order to show that this Court has general jurisdiction over Diesel, Plaintiff must show that Diesel's "affiliations with the state are so continuous and systematic as to render it essentially at home in New Jersey. *Goodyear*, 131 S. Ct. at 2851. Plaintiff has not made this showing because he has failed to allege

any facts, either in his Complaint or in a certification supporting jurisdiction, suggesting that Diesel's contacts with New Jersey "are so 'continuous and systematic' as to render it essentially at home in [this State]." *Daimler*, 134 S. Ct. at 762.

Plaintiff asserts that because Diesel designated an agent to receive process in New Jersey in compliance with the Federal Motor Carriers Act, the Company has submitted to personal jurisdiction in this forum. Courts in this district have definitively rejected the argument that compliance with the Federal Motor Carrier Act's agent requirement alone renders the company subject to personal jurisdiction. *See generally Davis v. Quality Carriers, Inc.*, Nos. 08-cv-4533, 08-cv-6262, 2009 WL 1291985 at *5 (D.N.J. May 7, 2009) (Chesler, J.) ("Nothing in the language of § 13304 or the applicable USDOT regulations even suggests that a motor even suggests that a motor carrier or other covered entity submits to the jurisdiction of each state in which it designates an agent for the service of process."); *see also Alliance Shippers, Inc. v. Midland West, Inc.*, No. 2:10-cv-03729, 20011 WL 1832559 at *4 (D.N.J. May 13, 2011) (Cavanaugh, J.) (affirming the *Davis* court's reasoning and finding it "instructive, since it explains that although the rational for allowing nationwide service of process is important to protect the public, 'this advantage to the public does not obviate the basic due process requirement of 'fair warning that a particular activity' may subject the motor carrier to one state's jurisdiction.'"). Finding no reason to depart from settled law in the district, the Court rejects Plaintiff's argument that compliance with the Federal Motor Carrier Act's designation of agent requirement renders Diesel susceptible to general jurisdiction in New Jersey. As Plaintiff has not argued that Diesel is otherwise "at home" in this jurisdiction, the Court finds that there is no basis to assert general jurisdiction over Defendant Diesel.

The Court similarly finds that there is no basis to exercise general personal jurisdiction over Menu – a resident of Georgia. Absent a showing that an individual defendant has "'continuous and systematic' contacts with the forum," courts cannot assert general personal jurisdiction over individual defendants domiciled in other forums. *Remick v. Manfedy*, 238 F.3d 248, 255 (3d Cir. 2001); *see also Bauman*, 132 S. Ct. at 760 (articulating that a court has general personal jurisdiction over an individual defendant who is domiciled in the forum.)

Because neither Diesel nor Menu can be said to be "at home" in this jurisdiction, this Court cannot constitutionally assert general personal jurisdiction over these Defendants.

### ii.     SPECIFIC JURISIDCTION

"Specific jurisdiction is established when a non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." *Gen. Elec. Co. v. Duetz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (quoting *Burger King*, 471 U.S. at 472). In other words, specific jurisdiction exists where the "cause of action arises out of [t]he defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Abel v. Kirbaran*, 267 F.App'x 106, 108 (3d Cir. 2008) (internal citations and quotations omitted).

Three elements must be met to establish specific jurisdiction. *HS Real Co., LLC et al. v. Sher*, 526 F. App'x 203, 206 (3d Cir. 2013). First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum. *Id.* Second, "plaintiffs' claims must arise out of or relate to at least one of the contacts with the forum." *Id.* (internal citations and quotations omitted). Third, the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 296 F.3d 312, 317 (3d Cir. 2007).

A defendant is said to "purposely availed" himself if his contacts "amount to 'a deliberate targeting of the forum.'" *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 103 (3d Cir. 2009) (quoting *Sandy Lane*, 496 F.3d at 317). A defendant is said to have deliberately targeted a forum if he has "engaged in significant activities with a State . . . or has created 'continuous obligations' between himself and residents of the forum." *Burger King*, 105 S. Ct. at 2184 (internal citation omitted). Under these circumstances, "because [the defendants] activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Id.*

Here, plaintiff has not offered any evidence suggesting that Defendants have purposefully availed themselves of the privilege of conducting activities with this forum. *See Sher*, 526 Fed. App'x at 206. In fact, the Complaint does not allege even a single connection between these Georgian Defendants and New Jersey, and Plaintiff has not provided the Court with any "affidavits or other competent evidence that jurisdiction is proper." *Metcalfe*, 66 F.3d at 330. Rather, in Plaintiff's Opposition Brief, he states that Diesel's trucks travel through New jersey approximately four times per year. (Pl.'s Opp. Br. at 3-4). Plaintiff has not shown how merely passing through New Jersey on an average of four times a year "amounts to 'a deliberate targeting of the forum.'" *Pilatus Aircraft Ltd.*, 566 F.3d at 103 (quoting *Sandy Lane*, 496 F.3d at 317). In any event, assuming *arguendo* that Plaintiff could demonstrate that Defendants purposefully availed themselves of the benefit of New Jersey's laws, Plaintiff's claims neither arise out of not relate to any of the contacts that Defendants have allegedly had with the forum. Because Plaintiff's injuries emanate from an accident alleged to have resulted from Defendants' activities outside of the forum, this Court cannot assert specific jurisdiction over the Defendants.

  **B. PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVER IS DENIED**

The Third Circuit has stated that unless a plaintiff's claim of personal jurisdiction is "clearly frivolous," courts "are to assist the plaintiff by allowing jurisdictional discovery prior to granting a motion to dismiss on lack of personal jurisdiction grounds." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). "If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,'" the plaintiff's right to jurisdictional discovery should be sustained. *Id.*

Here, Plaintiff has not presented any factual allegations that would suggest with the required particularity how discovery with respect to personal jurisdiction would unveil the requisite minimum contacts between Defendants and this forum. Rather, Plaintiff summarily states that the approximately four trips per year that Diesel makes through New Jersey 'may be sufficient to demonstrate specific or general jurisdiction when considered relative to Diesel's trucking business as a whole." (Pl.'s Opp. br. at 4-5). Given Plaintiff's failure to allege any substantial contacts between Defendants and New Jersey, the Court finds that permitting jurisdictional discovery in this matter would be futile. Accordingly, Plaintiff's request for jurisdictional discovery is denied.

### C. PLAINTIFF'S REQUEST TO TRANSFER VENUE IN LIEU OF DISMISSAL IS GRANTED

Plaintiff requests that the court transfer this action to the District Court in Nevada if the Court finds that it lacks personal jurisdiction over Defendants. (Pl.'s Opp. Br. at 5). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a).

Here, Plaintiff argues that in the event the Court finds jurisdiction lacking, the Court should transfer this matter to Nevada. Plaintiff argues that his claims would be time-barred under Nevada law were he to commence a new action in that jurisdiction. (Pl.'s Opp. Br. at 5-6). Defendants do not appear to contest this request to transfer. (*See* Defs.' Reply Br. at 8). In fact, at the outset of this matter, Defense counsel advised Plaintiff's counsel that Nevada would be a more suitable venue for this matter.[2] (Defs.' Reply Br. at 8). Accordingly, in the interest of justice, and given the fact that Defendants agree that this matter is better resolved in Nevada, where the accident giving rise to Plaintiff's claims occurred, the Court will grant Plaintiff's request to transfer this matter to the District Court in Nevada.

## IV.  CONCLUSION

Having determined that there is no basis for this Court to exercise personal jurisdiction over Defendants, the Court will transfer this action to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a). An appropriate Order accompanies this opinion.

IT IS SO ORDERED.

DATED:   JULY 7th, 2016

JOSE L. LINARES, U.S.D.J.

---

[2] The court declines to grant Defendants' request for an award of fees and expenses incurred in the preparation of a second motion to dismiss. (*See* Defs.' Reply Br. at 6). Similarly the Court considers Defendants' request to enforce this Court's prior order of sanctions in the previously-filed case to be moot in light of Plaintiff's representations (and Defendants' failure to respond to same) that "Plaintiff's counsel sent payment in full accordance with this Court's order awarding attorneys' fees in connection with a prior dismissal order dated March 23, 2016." (Pl.'s Opp. Br. at 7).